UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY WESTFALL, ET AL., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF STANISLAUS, ET AL., <br><br> Defendant. | Case No. 1:21-CV-00283 DAD-EPG <br><br> **ORDER SETTING MANDATORY SCHEDULING CONFERENCE** <br><br> **DATE:** May 26, 2022 <br> **TIME:** 11:00 AM <br> **CRTRM:** 10 <br><br> **ERICA P. GROSJEAN** <br> **U.S. MAGISTRATE JUDGE** |

Rule 16(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") requires the Court to enter a Scheduling Conference Order within 90 days after any defendant has been served, or 60 days after any defendant has appeared.[1] Therefore, it is ordered that all parties attend a formal Scheduling Conference before United States Magistrate Judge Erica P. Grosjean, in Courtroom 10 at the United States Courthouse, 2500 Tulare Street, Fresno, CA 93721.

**Appearance at Scheduling Conference**

Attendance at the Scheduling Conference is *mandatory* for all parties. Parties may appear by their counsel, if represented. Trial counsel should participate in the Scheduling Conference whenever possible. Additionally, although not required, local counsel are encouraged to personally appear at the scheduling conference.

If one or more parties wish to appear telephonically, they shall contact Michelle Rooney, Courtroom Deputy Clerk, at mrooney@caed.uscourts.gov sufficiently in advance of the conference so that a notation can be placed on the Court's calendar. Additionally, the parties are

---

[1] This order will refer to the parties in the singular regardless of the number of parties listed in the complaint.

directed to indicate on the face page of their Joint Scheduling Report that the conference will be telephonic. If the parties are appearing telephonically, each party shall dial 1−888-251−2909 and enter access code 1024453.

Joint Scheduling Report

A Joint Scheduling Report, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF, one (1) full week prior to the Scheduling Conference and shall be emailed in Word format to epgorders@caed.uscourts.gov. The Joint Scheduling Report shall indicate the date, time, and courtroom of the Scheduling Conference. This information is to be placed opposite the caption on the first page of the Report.

At least twenty (20) days prior to the Mandatory Scheduling Conference, trial counsel for all parties shall conduct a conference at a mutually agreed upon time and place. This should preferably be a personal conference between all parties but a telephonic conference call involving all counsel/*pro se* parties is permissible. The Joint Scheduling Report shall contain the following items by corresponding numbered paragraphs:

1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.
2. Summary of major disputed facts and contentions of law.
3. The status of all matters which are presently set before the Court, *e.g.,* hearings of motions, *etc.*
4. A complete and detailed discovery plan addressing the following issues and proposed dates:
    a. A date for the exchange of initial disclosures required by Fed. R. Civ. P. 26(a)(1) or a statement that disclosures have already been exchanged;
    b. A firm cut−off date for non−expert discovery. When setting this date, the parties are advised that motions to compel must be filed and heard sufficiently in advance of the deadlines so that the Court may grant effective relief within the allotted discovery time. The Court recommends this date be scheduled approximately nine (9) months from the scheduling conference;

///

    c. A date for a mid-status discovery conference that should be scheduled approximately six (6) months after the scheduling conference, or two (2) months before the non-expert discovery deadline, whichever is earliest;

    d. A firm date for disclosure of expert witnesses, required by Fed. R. Civ. P. 26(a)(2), rebuttal experts, as well as cut−off for the completion of all expert discovery. The parties shall allow thirty (30) days between each of the expert discovery deadlines;

    e. Any proposed changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a);

    f. Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;

    g. Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery; and

    h. Whether the parties anticipate the need to take discovery outside the United States and, if so, a description of the proposed discovery.

**Additional Disclosures Related to Electronic Discovery**

    a. <u>Discovery Relating to Electronic, Digital and/or Magnetic Data</u>. Prior to a Fed. R. Civ. P. 26(f) conference, counsel should carefully investigate their respective client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved. Counsel shall also conduct a reasonable review of their respective client's computer files to ascertain the contents thereof, including archival and legacy data (outdated formats or media), and disclose in initial discovery (self−executing routine discovery) the computer−based evidence which may be used to support claims or defenses.

    b. The parties shall meet and confer regarding the following matters during the Fed. R. Civ. P. 26(f) conference, and address the status of Electronic Discovery and any disagreements in their Statement, including:

    c. <u>Preservation:</u> The parties shall attempt to agree on steps the parties will take to segregate and preserve computer−based information in order to avoid accusations

of spoilation.

    d. <u>Scope of E−mail Discovery:</u> The parties shall attempt to agree as to the scope of e−mail discovery and attempt to agree upon an e−mail search protocol. The parties should seek to agree on search terms, custodians, and date ranges in advance of the Conference so that any disputes can be addressed at the Conference.

    e. <u>Inadvertent Production of Privileged Information:</u> The parties should confer regarding procedures for inadvertent production of privileged electronic material, including any obligations to notify the other party, and procedures for bringing any disputes promptly to the Court.

    f. <u>Data Restoration:</u> The parties shall confer regarding whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and the parties shall attempt to agree whether or not back−up data may be necessary, the extent to which back−up data is needed, and who will bear the cost of obtaining back−up data.

5. Dates agreed to by all counsel for:

    a. The filing of dispositive motions (except motions in limine or other trial motions). The Court suggests this date be forty−five (45) days after the expert discovery deadline.

    b. A pre-trial conference date which shall be approximately one hundred sixty (160) days after the dispositive motion filing deadline.

    c. A trial date which shall be approximately sixty (60) days after the proposed pre-trial conference date.

6. The parties are encouraged to discuss settlement, and must include a statement in the Joint Scheduling Report as to the possibility of settlement. The parties shall indicate when they desire a settlement conference, *e.g.,* before further discovery, after discovery, after pre−trial motions, *etc.* Among other things, counsel will be expected to discuss the possibility of settlement at the Scheduling Conference. Note that, even if settlement negotiations are progressing, counsel are expected to comply with the requirements of this

4

Order unless otherwise excused by the Court.  If the entire case is settled, counsel shall **promptly** inform the Court. In the event of settlement, counsel's presence at the conference, as well as the Joint Scheduling Report, will not be required.

7. A statement as to whether the case is a jury or non−jury case. The parties shall briefly outline their respective positions if there is a disagreement as to whether a jury trial has been timely demanded, or as to whether a jury trial is available on some or all of the claims.

8. An estimate of the number of trial days required. If the parties cannot agree, each party shall give his or her best estimate.

9. Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre−trial motions or trial.

10. Whether this matter is related to any matter pending in this court or any other court, including bankruptcy court.

### Scheduling Order

Following the Scheduling Conference, the Court will issue a Scheduling Order with the benefit of the input of the parties. Once issued, the dates in the Scheduling Order shall be firm and no extension shall be given without permission from the Court.

### Lack of Participation in the Joint Scheduling Report

If any party fails to participate in the preparation of the Joint Scheduling Report, the non-offending party shall detail the party's effort to get the offending party to participate in the Joint Scheduling Report. The non−offending party shall still file the report one (1) full week prior to the Mandatory Scheduling Conference and shall list the non-offending party's position on the listed issues and proposed dates for a schedule. Absent good cause, the dates proposed by the non-offending party will be presumed to be the dates offered by the parties. The offending party may be subject to sanctions, including monetary sanctions to compensate the non−offending party's time and effort incurred in seeking compliance with this Scheduling Order.

### Important Chambers Information

The parties are directed to the Court's website at www.caed.uscourts.gov under **Judges; Grosjean (EPG); Standard Information (in the area entitled "Case Management**

**Procedures")** for specific information regarding chambers procedures. Information about law and motion, scheduling conferences, telephonic appearances, and discovery disputes is provided at this link.

### Sanctions for failure to Comply

Should counsel or a party appearing *pro se* fail to appear at the Mandatory Scheduling Conference, or fail to comply with the directions as set forth above, an *ex parte* hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.

DATED: May 17, 2022                         /s/   ERICA P. GROSJEAN
                                            UNITED STATES MAGISTRATE JUDGE