1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Jeremy Westfall, et al.,                    No. 1:21-cv-00283-KJM-CSK

12                  Plaintiffs,                   ORDER

13         v.

14   County of Stanislaus, et al.,

15                  Defendants.

16

17

18         Plaintiff Jeremy Westfall, individually and as Guardian ad Litem for his son, minor

19   plaintiff B.W., requests this court approve the settlement and compromise of B.W.'s claims.  The

20   court submitted the motion without oral argument as provided under Local Rule 230(g).  For the

21   reasons set forth below, the court **grants** the petition and approves the minor's compromise.

22   **I.      BACKGROUND**

23         Plaintiff Jeremy Westfall alleges Stanislaus County social workers violated his

24   constitutional rights and the rights of his child by unlawfully removing B.W. from his care and

25   custody in February 2019 following the death of his other child.  Second Am. Compl. (SAC)

26   ¶¶ 155–59, ECF No. 19; Mot. at 6, ECF No. 73.  B.W., aged five years old at the time, was

27   initially placed with a foster family, SAC ¶¶ 187, 193; Mot. at 6, before going to live with his

28   grandfather, *id.* ¶ 274; Robert A. Powell Decl. ¶ 15, ECF No. 73-1, where Westfall was able to

                                          1

1   visit him, SAC ¶ 277.  B.W. was kept from living with plaintiff for seventeen months.  *Id* ¶¶ 189,

2   209.

3        In October 2023, Westfall agreed to settle the instant case.  Mot. at 6.  Under the

4   settlement agreement, Stanislaus County agreed to pay a total of $600,000.00, inclusive of

5   attorneys' fees and costs.  *Id.*  In return, Westfall agreed to dismiss all claims against each

6   defendant.  *Id.*  Westfall, in his capacity as B.W.'s Guardian ad Litem, now applies for

7   compromise of the minor plaintiff's settlement proceeds.  *See generally id.*

8   **II.    LEGAL STANDARD**

9        District courts have a duty to protect the interests of minor litigants.  *See* Fed. R. Civ. P.

10  17(c)(2) (requiring court "appoint a guardian ad litem—or issue another appropriate order—to

11  protect a minor or incompetent person who is unrepresented in an action").  This special duty

12  requires a district court to "conduct its own inquiry to determine whether the settlement serves the

13  best interests of the minor."  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011)

14  (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also* E.D. Cal. L. R.

15  202(b) ("No claim by or against a minor or incompetent person may be settled or compromised

16  absent an order by the Court approving the settlement or compromise.").

17        The Ninth Circuit instructs district courts to "limit the scope of their review to the

18  question of whether the net amount distributed to each minor plaintiff in the settlement is fair and

19  reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar

20  cases."  *Robidoux*, 638 F.3d at 1181–82.  This requires the court to "evaluate the fairness of each

21  minor plaintiff's net recovery without regard to the proportion of the total settlement value

22  designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no

23  special duty to safeguard."  *Id.* at 1182.

24  **III.   ANALYSIS**

25        Under the settlement agreement, Stanislaus County will issue a check for $579,200.00 to

26  Powell & Associates Client Trust Account.  Mot. at 7.  This accounts for the entire settlement

27  amount minus $20,800.00, which Stanislaus County will make payable to Structure Assignments

28  SCC to fund future periodic payments to B.W. on his 18th and 25th birthdays.  *Id.*  Specifically,

1    B.W. will receive a guaranteed lump sum of $7,206.24 in 2031 and $31,046.22 in 2038.  *Id.*  The

2    payment to Structure Assignments SCC will be made through a qualified assignment under

3    Section 130 of the Internal Revenue Code.  *Id.*  The Structure Assignments SCC will make

4    payments through the purchase of an annuity from Independent Life Insurance Company, which

5    will make the future periodic payments.  *Id.*

6         B.W.'s father, plaintiff Jeremy Westfall, will receive $239,200.00, which is the total

7    amount after applying a 50 percent contingency fee to $600,000.00 and subtracting $40,000.00

8    for costs.  Powell Decl. ¶ 6.  Plaintiffs' counsel declares the contingency fee request and the

9    ultimate distribution of the gross settlement award are fair and reasonable.  *Id.* ¶ 4.  Specifically,

10   counsel asserts the uneven distribution between B.W. and Westfall is warranted because B.W. is

11   still in Westfall's care and will benefit from his father's net settlement proceeds.  *Id.* ¶¶ 7, 15.

12   For example, plaintiffs' counsel states if B.W. should require therapy or treatment, B.W.'s father

13   would be financially responsible.  *Id.* ¶ 35.  Counsel appears to discount B.W.'s experience and

14   argue the award is reasonable because B.W. was placed in the care of his grandfather and was

15   allowed regular visitation with his father.  *Id.* ¶ 15.

16        To show the requested recovery amount for B.W. is reasonable, plaintiffs' counsel

17   provides a series of case citations involving unlawful removal, as well as cases involving

18   wrongful death and sex abuse.  *See* Mot. at 8–12.  As noted in *Minors P.H. v. County of*

19   *Riverside*, removal cases appear less frequently.  No. 15-00890, 2020 WL 10893001, at *3 (C.D.

20   Cal. Mar. 30, 2020).  Based on the court's independent review of these cases, as well as others,

21   the court approves the $20,800.00 award for B.W.  *See, e.g.*, *Carefoot v. County of Kern*, No. 17-

22   00456, 2019 WL 3026989, at *3 (E.D. Cal. July 11, 2019), *report and recommendation adopted*,

23   No. 17-00456, 2019 WL 3943970 (E.D. Cal. Aug. 21, 2019) (approving $11,500 award for a

24   minor who was removed for nearly two months at three months old); *McNelis v. County of El*

25   *Dorado*, No. 22-00369, 2023 WL 5758540, at *5 (E.D. Cal. Sept. 6, 2023) (collecting cases and

26   noting in unlawful removal cases, recovery ranges "from $7,000 to $28,000 with an outlier of

27   $130,000").  Here, while the court notes the complaint alleges B.W. was first placed into foster

28   care before living with his grandfather and separated from his father for seventeen months, given

1    the award falls toward the higher end of normal recovery for unlawful removal cases and there

2    are no allegations B.W. was subjected to medical examinations or other invasive investigative

3    procedures, the court finds the award fair and reasonable.  *See Robidoux*, 638 F.3d at 1182.

4              Despite plaintiffs' counsel's justifications, the court is concerned by counsel's request for

5    a 50 percent contingency fee.  Mot. at 13–14; *McNelis v. County of El Dorado*, No. 22-00369,

6    2023 WL 5758540, at *4 (E.D. Cal. Sept. 6, 2023) (articulating similar concern with a request for

7    a 40 percent contingency fee by the same attorney).  Absent a showing of good cause, courts in

8    the Eastern District of California generally consider 25 percent of the recovery as the benchmark

9    for attorney's fees in contingency cases involving minors.  *See L.T. v. United States*, No. 22-

10   00142, 2023 WL 5434423, at *3 (E.D. Cal. Aug. 23, 2023); *Mitchell v. Riverstone Residential*

11   *Grp.*, No. 11-2202, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013) (collecting cases).

12   Plaintiffs' counsel states he typically applies a fee of 35 percent and contingency fees of 50

13   percent are not uncommon.  Powell Decl. ¶ 14.  However, plaintiffs' counsel does not explain

14   why he applied 50 percent in this case instead of his normal 35 percent fee.  Further, while the

15   court acknowledges counsel's experience, *id.* ¶ 16, and the hundreds of hours counsel and his

16   staff spent litigating this matter, given the overlap between this case and *Webb*, counsel's

17   collective fee award of $600,000 between the two cases could be considered excessive.  *Compare*

18   Mot. (seeking 50 percent contingency fee totaling $300,000.00) *with* Mot., *Webb v. County of*

19   *Stanislaus*, No. 19-1716 (E.D. Cal. Dec. 18, 2023), ECF No. 144 (seeking 50 percent contingency

20   fee totaling $300,000.00).

21             Yet, in cases involving the settlement of a minor's federal claims, such as the instant

22   action, the Ninth Circuit directs courts to focus their inquiry on "whether the net recovery of each

23   minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs

24   and what they have agreed to pay plaintiffs' counsel." *Robidoux*, 638 F.3d at 1179 n.2, 1182

25   (finding an abuse of discretion where the district court rejected a minor's settlement because it

26   found a 56% contingency fee was excessive and unreasonable).  Therefore, because the court

27   finds B.W.'s award is fair and reasonable, the court grants the motion for approval of minor's

28   compromise for B.W.

## IV.   CONCLUSION

For the reasons set forth above:

1) The settlement of the minor plaintiff's claims, as compromised according to the terms of the settlement reached among the parties, and as further described in the Ex-Parte Petition for Approval of Minor's Compromise filed December 7, 2023, is approved;

2) The settlement amount of $20,800.00 shall be made payable to Structured Assignments, SCC, to fund the future periodic payments to B.W. on the dates and in the amounts indicated below:

   a.  $7,206.24 guaranteed lump sum, payable on B.W.'s 18th birthday.

   b.  $31,046.22 guaranteed lump sum, payable on B.W.'s 25th birthday.

3) The projected purchase date of the annuity policy was January 10, 2024.  The delay in funding the annuity may result in a delay of the payment dates by an equal number of days, or a change in the payment amounts that shall be accurately recorded in the qualified assignment and release document and annuity contract without the need of obtaining an amended Petition or Court Order.  A comparably rated life insurance company may be substituted to obtain the best interest rates available at the time of funding;

4) Defendant Stanislaus County and/or Insurer shall make a qualified assignment under Section 130 of the Internal Revenue Code to Structured Assignments SCC, to fund the obligation to make payments through the purchase of an Annuity from Independent Life Insurance Company, who shall make the future periodic payments;

5) The court approves the distribution of attorneys' fees to plaintiffs' counsel as set forth in the Ex-Parte Petition for Approval of Minor's Compromise;

This order resolves ECF No. 73.

IT IS SO ORDERED.

DATED: June 3, 2024.

CHIEF UNITED STATES DISTRICT JUDGE